(41 Misc. Rep. 577.)

### TIMBLE v. RUSSELL et al.

(Supreme Court, Special Term, New York County. November, 1903.)

1. PLEADING—REPLY.

   To a complaint to recover possession of realty defendant answered by alleging that plaintiff was a minor, and that his right as owner of the equity of redemption had been cut off by a foreclosure sale, at which defendant purchased the property in question. *Held*, that plaintiff would be required to reply to the answer to prevent surprise to defendant.

Action by Joseph Timble against Euphemia D. Russell and James R. Hogg, executors, and others. Motion to compel plaintiff to reply to answer. Granted.

Wales F. Severance, for plaintiff.
Edward H. Westerfield, for defendants.

CLARKE, J. The action is to recover the possession of real property. The answer sets up as separate defenses that the plaintiff has not legal capacity to sue for the reason that he is a minor; and, further, that before the commencement of this action the plaintiff became seized of the equity of redemption in the premises subject to a certain mortgage, which was foreclosed; that Joseph Timble (the name of the plaintiff herein) was a defendant in the foreclosure; and that the defendants in this action purchased the property at the foreclosure sale. A motion is made to compel the plaintiff to reply to these answers. Such motion is addressed to the discretion of the court, and it has repeatedly been held should be exercised to prevent surprise and promote the interests of justice. In Watson v. Phyfe, 20 Wkly. Dig. 372, the action was to recover possession of real property. The answer set forth that the deceased owner, from whom plaintiff, as heir, claimed to have derived title, had executed a will by which he disposed of the property in controversy in such a way as to deprive the plaintiff of any title to it. The court held the case a proper one in which to direct a reply, stating "that the intelligent trial of the action required that the defendants should be informed whether the plaintiff denied the execution of the will and codicil or the validity of the proceedings by which probate of them was accorded or expected to avoid their effect in some other manner; that without a reply the defendants would be left to conjecture upon what possible ground the plaintiff might expect to succeed, and might very well be subjected to surprise entitling them to avoid a determination of the action which the facts of the case would require to be otherwise disposed of."

And Mr. Justice Parker in Mercantile Nat. Bank v. Corn Exch. Bank, 73 Hun, 78, 25 N. Y. Supp. 1068, at page 80, 73 Hun, page 1070, 25 N. Y. Supp., says, in speaking of a reply:

"It will not be granted when its only object is to relieve a defendant from the necessity of proving the facts which he sets up as a defense by way of avoidance. But where, as in the third defense, a judgment of this court is pleaded in avoidance, which, so far as the pleadings disclose, seems to have such force and effect as to lead to a judgment in defendant's favor, it is but just that it should be known how the plaintiff proposes to meet the issue of fact thus tendered; if admitted, how, if at all, it expects to avoid the effect which defendant claims for it, to the end that surprise, with possibly an unjust result upon the trial, may be avoided. Steinway v. Steinway, 68 Hun, 430 [22 N. Y. Supp. 945]."

In Brinkerhoff v. Brinkerhoff, 8 Abb. N. C. 207, an action for admeasurement of dower, where the answer set up that a decree of divorce was obtained by the deceased husband from plaintiff, whereby he was discharged from all duties and covenants incident to the marriage, it was held that defendant's motion to compel a reply should be granted.

Following these authorities, a reply will be ordered in this case. There can be no difficulty in framing a reply if it is true, as claimed in the opposing affidavit verified by plaintiff's attorney, that the plaintiff is an adult and a different person from the person by the name of Joseph Timble, alleged to have been made a party defendant in the foreclosure action. On the other hand, if Joseph Timble, the plaintiff, is a minor, or is the same person whose interest in the property in question was foreclosed, that would dispose of the matter. The defendants allege facts fatal to plaintiff unless denied or their legal effect avoided. Under these circumstances, the defendants, in order to prepare for trial, are entitled to know whether the plaintiff denies the facts, or, if he admits them, how he would escape the legal consequence of the admission.

Motion granted, with $10 costs.